## PROSECUTION FOR CONTRIBUTING TO DELINQUENCY OF A MINOR.

Court of Appeals for Perry County.

WILLIAM WILLISON v. STATE OF OHIO.

Decided, June Term, 1914.

*Juvenile Court—What Must be Set Out to Charge the Crime of Contributing to the Delinquency of a Minor—Furnishing Liquor to a Minor and Permittng Him to be About a Gambling House.*

In a prosecution for contributing to the delinquency of a minor, the affidavit, in order to charge a crime, must allege that the minor is under eighteen years of age, and is a delinquent within the meaning of the statute, and that the defendant is guilty of contributing to such delinquency.

*T. B. Williams,* for plaintiff in error.
*Thos. M. Potter,* Prosecuting Attorney, contra.

By THE COURT (SHIELDS, POWELL and VOORHEES, JJ.).

The plaintiff in error, William Willison, filed his petition in error to review the judgment of the Probate Court of Perry County made in the exercise of its juvenile jurisdiction against him upon a complaint filed charging him with contributing to the delinquency of one Henry Bateson, a minor under eighteen years of age, and also the judgment of the court of common pleas, affirming the judgment of the said probate court.

Numerous errors are charged, but two only are urged to the court as being sufficiently erroneous to authorize the reversal of the judgment below. The first is that the affidavit upon which he was arrested and tried is insufficient in law to sustain the action of said court. And secondly, that the sentence was excessive.

We have examined the record carefully and we find that the affidavit itself was attacked immediately on the arrest of the defendant, Willison. A motion was filed to quash the same and when it was overruled, a demurrer was filed attacking the sufficiency of such affidavit. This demurrer was overruled and the

cause submitted to the court on evidence. The defendant was found guilty and sentenced to one year in the workhouse and to pay a fine of $200.

This court is of the opinion that the affidavit is insufficient; that in cases of this sort there are two elements that enter into the crime charged, viz: that a minor child under eighteen years of age is a delinquent within the meaning of the statutes; and secondly, that the person charged is guilty of contributing to such delinquency.

Section 1644 of the General Code, as found in Volume 103 Ohio Laws, at page 869, defines the words ''delinquent child'' and specifies the acts that constitute any minor under the age of eighteen years a delinquent. There are a number of specifications in this section when applied to such minor which constitute him a delinquent within the meaning of the statute.

The affidavit, in order to set out a crime, should not only charge that the party against whom the affidavit is filed was violating some one of the criminal statutes of the state in contributing to such delinquency, but it should charge also that such child was delinquent and specify the particulars in which such delinquency exists.

The affidavit in this case charges that the defendant, Willison, furnished intoxicating liquors to the said Harry Bateson to be drunk by the said Harry Bateson as aforesaid, and specifies that such liquors were not furnished by a physician in the regular line of his practice, thus charging that the defendant was guilty of furnishing intoxicating liquors, but it does not specify that the said Harry Bateson either drank these liquors, or violated any of the criminal laws of Ohio, or did any of the acts specified by Section 1664 as constituting delinquency on his part.

It further charged that the said Willison did permit said Harry Bateson to be in and about a certain house in said county, which house was controlled by the said Willison and in which there was permitted to be conducted and carried on at the instance of the said Willison a game of cards for money.

Now it is contended that this shows that the said Bateson was guilty of delinquency, or in other words was a delinquent.

The statute provides that any minor under fourteen years of age who "knowingly patronizes or visits a policy shop or place where any gambling device is or shall be operated" is a delinquent.

This affidavit does not charge Harry Bateson with knowingly visiting either a policy shop or a room where gambling is carried on. It simply charges the defendant with permitting him to remain in a room under his control where gambling was carried on, and for aught that appears in the affidavit, he might have entered such room without any knowledge whatever that the same was used for gambling purposes.

We think the affidavit is defective in that there is no such sufficient averment therein as would constitute the said Harry Bateson a delinquent child, and of course, if there was no delinquency, the defendant could not be guilty of contributing to a delinquency that did not exist. We think the demurrer ought to have been sustained.

It will be the judgment of this court that the judgment of the juvenile court finding the defendant guilty as charged in said affidavit, and the judgment of the court of common pleas affirming the same, will be reversed and set aside and the cause will be remanded to the juvenile court of Perry county with instructions to sustain the demurrer to such affidavit.